UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMPIRE LUMBER CO., a Washington corporation, d/b/a KAMIAH MILLS,<br><br>    Plaintiff,<br><br>vs.<br><br>INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, an Indiana corporation and a division of the ILM Group, THE ILM GROUP, and JOHN DOES I to V,<br><br>    Defendants. | Case No. 3:10-CV-00533-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF ANDY SHEMCHUK**<br><br>**(Docket No. 83)** |

Currently pending before the Court is Defendant's Daubert Motion to Exclude Testimony of Andy Shemchuk (Docket No. 83). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### I.  BACKGROUND

On November 4, 2008, a catastrophic fire destroyed buildings, equipment, and machinery at Plaintiff Empire Lumber Company's ("Empire Lumber") sawmill in Weippe, Idaho. Defendant Indiana Lumbermens Mutual Insurance Company ("ILM") had issued a policy to Empire Lumber to cover such losses. This is a bad faith lawsuit, which primarily concerns the valuation of certain property destroyed in the fire and the handling of Empire Lumber's claim for such losses under the policy. However, Empire Lumber also contends that ILM's alleged mishandling of its loss claim was so egregious that a claim for punitive damages is justified.

**MEMORANDUM DECISION AND ORDER - 1**

Relevant here, in support of its effort to add a claim for punitive damages, Empire Lumber attached (1) the September 2, 2011 Affidavit of Andy Shemchuk (Docket No. 21, Att. 7), and (2) the July 19, 2012 Supplemental Declaration by Andy Shemchuk (Docket No. 78, Att. 2) (collectively the "Shemchuk materials").  Part and parcel with its objection to Empire Lumber's argument in favor of punitive damages, ILM objects to the Shemchuk materials, arguing that the testimony contained therein: "(1) seeks to define for the Court and the jury what the law is; (2) offers legal conclusions as to compliance with, or violations of, particular statutes; (3) offers legal conclusions as to the meaning and application of the insurance contract; (4) offers inadmissible conclusions characterizing the behavior and actions of certain witnesses and of ILM; (5) purports to evaluate the credibility of other witnesses, and to weigh the evidence offered by those witnesses; and (6) otherwise is merely cumulative with that of other fact witnesses."  *See* Mem. in Supp. of Daubert Mot. to Exclude, pp. 2-3 (Docket No. 83, Att. 1).

## II.  DISCUSSION

**A.   ILM's Motion as an Objection to Empire Lumber's Motion to Amend**

Preliminarily, the undersigned primarily views ILM's dispute with the Shemchuk materials as largely another piece of ILM's objection to Empire Lumber's attempt to add a punitive damages claim – ILM's motion targeted Mr. Shemchuk's affidavit offered *in support* of Empire Lumber's motion to amend, not Mr. Shemchuk's expert report(s) specifically; ILM's motion followed Empire Lumber's motion to file supplemental declarations (including Mr. Shemchuk's supplemental declaration), again, *in support* of Empire Lumber's motion to amend, not any FRCP 26(a)(2)(B) report authored by Mr. Shemchuk; and ILM's motion was filed two weeks *before* the hearing on Empire Lumber's motion to amend.  Considered in that context, the Court's handling of the Shemchuk materials follows its previous consideration of the affidavits of Messrs. O'Neill and Klau – that is, ILM's objections are generally well-taken (*see infra*), but do not affect the Court's position on Empire Lumber's underlying motion to amend; to be sure,

**MEMORANDUM DECISION AND ORDER - 2**

Empire Lumber has *already* been permitted to amend their pleadings to assert a punitive damages claim against ILM. *See* 9/27/12 Order, pp. 2-9 (Docket No. 102). To this extent, then, ILM's Motion to Exclude is denied as moot.

**B.     ILM's Motion as a Separate Challenge Under Daubert Analysis**

Notwithstanding the fact that ILM's motion exists most neatly in terms of Empire Lumber's already-decided motion to amend, it nonetheless raises issues with the Shemchuk materials for the case moving forward. These issues implicate FRE 702 and its application to the Shemchuk materials.

Whether and to what extent Mr. Shemchuk may testify at trial is addressed under the well-known standard first enunciated in *Daubert* and expanded upon in its progeny. Such standards are now largely set forth in FRE 702, which contains several requirements for the permitted use of expert opinion. First, the evidence offered by the expert must assist the trier-of-fact to understand the evidence or to determine a fact in issue. *See Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010)); Fed. R. Evid. 702. "The requirement that the opinion testimony assist the trier-of-fact goes primarily to relevance." *Id*. at 564 (internal quotations and citations omitted).

Additionally, the witness must be sufficiently qualified to render the opinion. *Id*. at 563. If specialized knowledge will assist the trier-of-fact to understand the evidence or determine a fact in issue, a witness qualified by knowledge, skill, experience, training or education may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

**MEMORANDUM DECISION AND ORDER - 3**

The court's inquiry into such foundation is a flexible one.  *See Primiano*, 598 F.3d at 564.  Ultimately, a trial court must "assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand."  *Id*. (internal quotation and citation omitted).  In determining whether expert testimony is reliable and relevant, the Court examines "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue."  *Boyd v. City and County of San Francisco*, 576 F.3d 938, 945 (9th Cir. 2009) (internal citation omitted).  Finally, a review of the case law after *Daubert* reveals that exclusion of expert testimony is the exception rather than the rule.  *See* Fed. R. Evid. 702, Adv. Comm. Notes (2000).

Here, ILM does not seem to dispute Mr. Shemchuk's expertise but, rather, challenges the reliability of his opinions – namely, that they go too far by speaking to conclusions of law (including the extent of ILM's alleged bad faith), contract interpretation, credibility, and weight of evidence.  Assuming Mr. Shemchuk's expert reports mirror the content of his at-issue affidavit and declaration, the Court agrees, but only to an extent.

"It is well-established . . . that expert testimony concerning an ultimate issue is not *per se* improper."  *Hangarter v. Provident Life and Accident Insur. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citing *Maukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066, n.10 (9th Cir. 2002)).  "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  Fed. R. Evid. 704(a).  "That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on the ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court."  *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citing *Hangarter*, 373 F.3d at 1016) (internal citations and quotation marks omitted); Fed. R. Evid. 702 (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue.")).

**MEMORANDUM DECISION AND ORDER - 4**

Contrary to Empire Lumber's matter-of-fact position that "Mr. Shemchuk's testimony in no way reflects conclusions of law" (*see* Empire Lumber's Resp. to Daubert Mot., p. 5 (Docket No. 87), there is no question that, at times, the Shemchuk materials improperly speak to ultimate issues of law. *See, e.g.*, Shemchuk Aff. at ¶¶ 6, 8, 19, 27, 33, 44, & 48 (Docket No. 21, Att. 7) ("I have concluded that . . . [ILM] is clearly in violation of the Fair Claims Practices as set forth by the Idaho Department of Insurance"; "This lack of pertinent written correspondence . . . is in violation of the Fair Claims Statute . . . ."; "The aforementioned discussion and Exhibits demonstrate how ILM is in violation of two of the Fair Claims Statutes . . . ."; "Once again, this is not only deplorable business practice, but is in violation of the Idaho Fair Claims Statute . . . ."; "This series of correspondence illustrates violations of fair claims practices on several levels"; "This is also a violation of the Idaho Fair Claims Statute . . . ."; "As illustrated above, ILM is in violation of fully six (6) of the 14 Unfair Claim Settlement Practices as listed under Title 41, Chapter 13 of the Idaho Legislature Statutes."). Simply put, these sorts of opinions attempt to preemptively answer ultimate issues of law and do not constitute admissible expert testimony.[1]

However, as part of its own case and to counter ILM's anticipated position that its conduct was appropriate, Empire Lumber is permitted to offer expert testimony speaking to ILM's duty under the circumstances and whether, in fact, ILM complied with that duty of care. This inquiry no doubt embraces legal questions concerning the meaning and interpretation of the applicable insurance contract/policy, but is nonetheless relevant as foundation to Mr.

---

[1] Additionally, as discussed during the hearing, the overwhelming majority of what is contained within the Shemchuck materials represents argument upon the evidence in the record. The undersigned has already rejected similar attempts. *See* 9/27/12 Order, p. 10 (Docket No. 102) ("Thus, to the extent Mr. O'Neill and Mr. Klaue attempt to lay the foundation for the facts upon which they later testify they were unaware of, such "foundation" is improper and, in this particular instance, represents nothing more than another opportunity for Empire Lumber to make argument. The Court strikes such instances in these respects . . . ."). As with Messrs. O'Neill and Klaue, the Shemchuk materials are problematic for these same reasons.

**MEMORANDUM DECISION AND ORDER - 5**

Shemchuk's opinion as to whether ILM's coverage decisions were done in bad faith. To do so, Mr. Shemchuk must set forth ILM's duty (in part, by commenting upon the underlying contract/policy), and his opinion that ILM did or did not comply with that duty, before Mr. Shemchuk can offer any opinion as to whether or not ILM's conduct was reasonable and/or breached any applicable industry standards. This is a fine line, to be sure – one that becomes even more difficult to identify when considering the Shemchuk materials' overzealous commentary concerning the credibility of certain actors and the weight of the evidence (*see supra*).

Despite its shortcomings, Mr. Shemchuk's testimony will not be stricken in its entirety, consistent with the Court's above-referenced reasoning. To the extent more direction is necessary in order for ILM to properly prepare for trial (and the parties are unable to stipulate to the scope of Mr. Shemchuk's opinions), ILM is free to move in limine to further define the boundaries of Mr. Shemchuk's testimony, being sure to challenge his actual report instead of affidavits offered in support of an ancillary motion. Until then, ILM's Motion to Exclude is granted in limited part, insofar as Mr. Shemchuk is not permitted to offer opinions on ultimate issues of law; ILM's Motion to Exclude is denied, however, in that the entirety of Mr. Shemchuk's opinion will not be excluded.

### III. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED THAT ILM's Daubert Motion to Exclude Testimony of Andy Shemchuk (Docket No. 83) is GRANTED, in part, and DENIED, in part, without prejudice to renew in limine, if necessary.

DATED: **November 16, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**